599 S.E.2d 874

**FAIR OAKS HOMEOWNERS ASSOCIATION, INC., Plaintiff Below, Appellant**

v.

**COUNTRY CLUB INVESTMENT AND DEVELOPMENT COMPANY, INC., et al., Defendants Below, Appellees**

No. 31624.

Supreme Court of Appeals of West Virginia.

Submitted April 28, 2004.

Decided July 1, 2004.

McGraw, J., dissented.

Frances C. Whiteman, Whiteman & Burdette, Fairmont, for Appellant.

James A. Liotta, Tharp, Liotta, Janes & Yokum, Fairmont, for Appellees.

PER CURIAM:

The appellant Fair Oaks Home Owners Association, Inc. appeals from a Marion County Circuit Court's order finding that the appellee Country Club Investment and Development Company, Inc., et al.,[1] had fulfilled its obligation to construct roadways within the Fair Oaks subdivision.

We affirm the circuit court's order.

I.

In 1990, the appellee Country Club Investment and Development Company Inc., et al., began to develop the Fair Oaks Subdivision in Marion County, West Virginia. In September of 1991, the "Declaration of Conditions, Reservations, and Restrictions for Fair Oaks Subdivision" was filed with the Clerk of the Marion County Commission and the "Articles of Incorporation of Fair Oaks Homeowners Association, Inc." were filed with the Office of the Secretary of State. In October of 1991, the appellant Fair Oaks Homeowners Association, Inc. adopted bylaws to govern its operations. One of the appellant's major purposes was to maintain and improve the roadways within the subdivision.

The appellee began selling lots in the subdivision in September of 1991. Because of the appellee's success in selling lots in the subdivision, the roadways of the subdivision have been subjected to abuse beyond ordinary wear and tear from the numerous utility trucks, earthmoving equipment, and other large heavy machinery necessary to construct homes. The appellee began paving the subdivision roadways in 1993. The ap-

pellee did a second paving in November 1997, spending a total of approximately $100,000.00 paving the subdivision roadways.

Other than emergency repairs paid for by the appellant, the parties have made no additional improvements to the subdivision roadways. The roadways are now potholed, rutted, and in need of repair.

In 2002, the appellant filed a declaratory judgment action against the appellee seeking a determination of the rights and obligations of the parties as to the roadways of the subdivision, pursuant to the deeds of the subdivision lot owners, the Declaration of Conditions, Reservations and Restriction for the Fair Oaks Subdivision, Articles of Incorporation for the Fair Oaks Homeowners Association, and the Fair Oaks Homeowners Association's Bylaws.

Specifically, the appellant alleged that the appellee had failed to complete its contractual obligation to pave the roadways within the Fair Oaks Subdivision. According to the appellant, the appellee laid a base coat of paving and needed to add an additional "finish" or "top coat" to fulfill the appellee's contractual obligations.

The appellee countered that it had fulfilled its contractual obligation to pave the subdivision roadways. The appellee further argued that the appellant was now legally obligated to maintain and repair the roadways, and it had failed to do so.

In December of 2002, the Marion County Circuit Court conducted a bench trial on the declaratory judgment action and entered a final order in March of 2003.

In its order, the circuit court found that the appellee had an initial obligation to pave the roadways of the subdivision. The circuit court further found that the appellee completed paving the subdivision roadways in November of 1997, and that the appellee had no further obligation to maintain, repair, or improve the roadways of the subdivision.

In addition, the circuit court found that the appellant subsequently had the duty to main-

1. The circuit court below dismissed Michael Yanero, the president of Country Club Invest- ment and Development Company, Inc., from this action.

tain the roadways of the subdivision and that the appellant had failed to do so.

The appellant appeals from the circuit court's final order.

## II.

 "In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syllabus Point 1, *Public Citizen, Inc. v. First National Bank in Fairmont,* 198 W.Va. 329, 480 S.E.2d 538 (1996).

As quoted by this Court recently in *Energy Development Corporation v. Moss,* 214 W.Va. 577, 584, 591 S.E.2d 135, 142 (2003), "the finding[s] of a trial court upon facts submitted to it in lieu of a jury will be given the same weight as the verdict of a jury and will not be disturbed by an appellate court unless the evidence plainly and decidedly preponderates against such finding[s]." Syllabus Point 6, *Daugherty v. Ellis,* 142 W.Va. 340, 97 S.E.2d 33 (1956).

The parties agree that the roadways are potholed and rutted. The parties further agree that the appellant is obligated to maintain and improve the subdivision roadways, after the appellee paved the roadways.

The appellant argues that the circuit court erred in finding that the appellee had completed paving the subdivision roadways because the appellee had failed to lay a finish or a top coat of pavement as the appellee had promised to do.[2]

At the bench trial, the circuit court heard the evidence of both parties and reviewed the documents submitted into evidence. The circuit court found from the evidence that the appellee had completed its contractual obligation to pave the subdivision roadways in November of 1997 and that the appellee had

no further obligation to lay a "finish" or "top coat" of pavement.

In ruling against the appellant, the circuit court made numerous findings which provide substantial support for the court's ultimate disposition. In the instant case, we give the circuit court's findings the same weight as a jury's verdict, and will not set the decision aside.

## III.

Therefore, we affirm the circuit court's final order in favor of the appellee.

Affirmed.

Justice McGRAW dissents.

---

2. The appellee denies having made a promise to lay a "top coat" or a "finish" coat of pavement.